**NOT FOR PUBLICATION**     **CASE CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN C. THOMPSON, | : | Civil Action No. 09-1510(SDW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EVA'S VILLAGE AND | : | |
| SHELTERING PROGRAM, ET AL., | : | **OPINION** |
| | : | |
| Defendants. | : | October 28, 2009 |

**Wigenton, District Judge**

*Pro se* Plaintiff Steven Thompson filed a Motion for Reconsideration and to Strike Pursuant to Federal Rule of Civil Procedure 60(b)(3)(6) in which he asserts that the April 1, 2009 Order, denying his *in forma pauperis* application on the basis of the October 20, 2008 Letter Order filed in *Thompson v. Eva's Vill. & Sheltering Program*, No. 04-2548, 2008 U.S. Dist. LEXIS 83451 (D.N.J. Oct. 20, 2008), is erroneous. He asserts that pursuant to Rule 60, his Complaint should be filed without his payment of the filing fee. Mr. Thompson also filed a Motion for Investigation Because of Intentional Fraud upon the Court by Officers of the Court.

These Motions are decided without oral argument as permitted by Federal Rule of Civil Procedure 78. For the reasons discussed below, the Motion for Reconsideration is granted, the Motion for Investigation Because of Intentional Fraud upon the Court by Officers of the Court is denied, and the Complaint is dismissed.

## I. Jurisdiction/Venue

This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## II. Discussion

### A. Motion for Reconsideration

Local Civil Rule 7.1(i) governs motions for reconsideration. *Bowers v. National Collegiate Athletic Ass'n*, 130 F.Supp.2d 610, 612 (D.N.J. 2001). Rule 7.1(i) specifies that a separate brief shall be filed "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994); *NL Industries, Inc. v. Commercial Union Insurance*, 935 F. Supp. 513, 515 (D.N.J. 1996).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. *SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J.), *aff'd*, 891 F.2d 283 (3d Cir. 1989). Thus, matters may not be introduced for the first time on a reconsideration motion. *See, e.g., Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Egloff v. New Jersey Air National* Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. *Resorts Int'l*, 830 F. Supp. at 831 n.3. Moreover, Rule 7.1(i) does not allow parties to restate arguments which the court has already considered. Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162

(D.N.J. 1988); *see also Chicosky v. Presbyterian Medical Ctr.*, 979 F. Supp. 316, 318 (D.N.J. 1997); *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Furthermore, the court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law." *Rouse v. Plantier*, 997 F. Supp. 575, 578 (D.N.J. 1998); *Starr v. JCI Data Processing, Inc.*, 767 F. Supp. 633, 635 (D.N.J. 1991). However, "the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reargument, particularly if the evidence may lead to a different result." Former L. Civ. R. 7.1 cmt 6.f.

Here, the Motion for Reconsideration is granted, and the April 1, 2009 Order is vacated.[1] Mr. Thompson's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a) is granted, and the Clerk of the Court is directed to file the Complaint. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

### B. **Standards for a *Sua Sponte* Dismissal**

The Court must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

---

[1] There is no need to address Federal Rule of Civil Procedure 60 because Mr. Thompson's *in forma pauperis* application and Motion for Reconsideration are granted.

*United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

Thus, when assessing the sufficiency of a complaint, the Court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

### C. **Background**

Mr. Thompson is a prolific writer and vexatious litigator.[2] On March 31, 2009, he filed a 130-page Complaint that contains a mishmash of serious and unsupported allegations as well as

---

[2] We have found the following cases that were filed by Mr. Thompson in this District: *Thompson v. Cigna Heath Plan*, No. 92-3479(AJL); *Thompson v. Cigna Health Plan*, No. 93-957(AJL); *Thompson v. Mobile Communications*, No. 98-4691(WJM); *Thompson v. Secretary of the Dep't of Health & Human Svcs.*, No. 00-394(WHW); *Thompson v. Secretary of the Dep't of Health & Human Svcs.*, No. 02-1150(WJM); *Thompson v. Eva's Village & Sheltering Program*, No. 04-2548(JAP); *Thompson v. Irwin*, No. 04-6453(JLL); *Thompson v. Passaic County Cmty. Coll.*, No. 05-4232(DMC); *Thompson v. Pisano*, No. 05-4634(MLC); and *Thompson v. Wenzel*, No. 06-5537(SDW).

his philosophical views on things and references to God and the Bible. In order to decipher Mr. Thompson's claims, the Court reviewed the Complaint, the 18-page Affidavit in Support of the Complaint filed on March 31, 2009, the Motion for Reconsideration and to Strike Pursuant to Federal Rule of Civil Procedure 60(b)(3)(6) filed on April 6, 2009, the submission filed on April 7, 2009,[3] the Motion for Investigation Because of Intentional Fraud upon the Court by Officers of the Court filed on April 22, 2009, the submission filed on May 21, 2009, and numerous other filings by Mr. Thompson in this case and previously filed cases.

It appears that in this case, Mr. Thompson has filed the Complaint to accomplish two goals. First, Mr. Thompson seeks to re-litigate claims that were dismissed against Narcotics Anonymous World Services, Inc., the Greater Paterson Area, Inc., Eva's Village and Sheltering Program ("Eva's Village"), Derrick Williams, Gregory Anderson, Sister Gloria Perez, Anthony McCants, and Ronald Bryant Jenkins[4] in *Thompson v. Eva's Vill. & Sheltering Program*, No. 04-2548, 2006 U.S. Dist. LEXIS 10487 (D.N.J. Feb. 24, 2006). In the 04-2548 case, Mr. Thompson asserted that he was unlawfully prevented from closing Narcotics Anonymous meetings with the "Lord's Prayer" and was ultimately prevented from attending such meetings without legal justification. *Thompson*, 2006 U.S. Dist. LEXIS 10487, at *4-5. The Honorable Joel A. Pisano, U.S.D.J., granted summary judgment to Defendants in the 04-2548 case and dismissed Mr. Thompson's Complaint. *Thompson*, 2006 U.S. Dist. LEXIS 10487. Mr. Thompson now seeks to assert the same claims against Defendant William Singletary, who according to Mr. Thompson "served as the representative of Narcotics Anonymous Greater Paterson Area, **AKA Silk City**, et als . . . ." Compl. ¶ 10 (emphasis in original).

---

[3] Mr. Thompson makes disgusting and contemptible statements in his April 7, 2009 submission that will not be printed in this Opinion.
[4] Derrick Williams, Gregory Anderson, Sister Gloria Perez, Anthony McCants, and Ronald Bryant Jenkins are employees of Eva's Village. *Thompson v. Eva's Vill. & Sheltering Program*, No. 04-2548, 2006 U.S. Dist. LEXIS 10487, at *4 (D.N.J. Feb. 24, 2006).

Second, Mr. Thompson seeks to have this Court review the decisions and actions of the Honorable Thomas J. LaConte, J.S.C., the Honorable Anthony Graziano, J.S.C., and the Honorable Joel A. Pisano, U.S.D.J., when they presided over Mr. Thompson's cases. Mr. Thompson asserts that these Judges committed fraud upon their own Courts. In so doing, Mr. Thompson asserts that these Judges colluded with Wolf Block Brach Eichler, LLP, Anthony M. Juliano, Esq., Ousmane D. Al-Misri, Esq., Cozen O'Connor, LLP, and Evan B. Caplan, Esq. Wolf Block Brach Eichler, LLP, through its attorney Mr. Juliano, defended Eva's Village, Mr. Williams, Mr. Anderson, Sister Perez, Mr. McCants, and Mr. Jenkins in the 04-2548 case. Mr. Al-Misri defended the Greater Paterson Area, Inc. in the 04-2548 case. Cozen O'Connor, LLP, through its attorney Mr. Caplan, defended World Service Organization, Inc. and Narcotics Anonymous World Services, Inc. in the 04-2548 case.

We find that Mr. Thompson best sums up his claims as follows:

### STATEMENT OF CLAIM

20. There is a passage of scripture in the Bible at Isaiah 54:17, I have applied it to my life based on my faith, this prophecy today is fulfilled in your ears, but you hear not, your eyes but you see not, " . . . No weapon that is formed against thee [me] shall prosper; and every tongue that shall rise against thee [me] in judgment thou [I] shalt condemn[5]. This is the heritage of the servants of the LORD, and their righteousness is of me, saith the LORD. Judge LaConte, Judge Graziano, and Judge Pisano, U.S.D.J. did violate my civil and constitutional rights of due process, procedural due process and equal protection of the law. Judge LaConte, Judge Graziano, and Judge Pisano, U.S.D.J., engaged in misdirection in writing their Orders and Opinions. They denied my motions but made no reference to the evidence in support of my argument. I was denied discovery and then the Judges claimed that I could not support my prima facie elements or rebut the responses by the Defendants. The Defendants had no admissible evidence to support their motion for summary judgment. The Defendants retaliated against me for opposing what I perceived was discrimination because of my religious/creed beliefs I was denied public accommodation,

---

[5] Mr. Thompson drops a footnote here providing several definitions for "condemn."

> access to NA meetings at Eva's Village Sheltering Program et. als.,
> open to the public, I was denied due process, procedural due
> process and equal protection of the law, as a result of Intentional
> Fraud Upon the Court, by officers of the court as set forth herein.
> The above named defendants refused to allow this plaintiff to
> observe the tenets of my faith. I was not permitted to close with
> the prayer of my choice unless it is the Serenity Prayer nor quote
> scriptures from the Bible in support of my Spiritual path, nor talk
> about Jesus Christ or any of the prophets or identify my God
> without being subjected to attack or ridicule.

Compl. ¶ 20. Mr. Thompson goes on to explain that he was threatened by the Defendants, and

he describes attacks that he suffered at Eva's Village in 2002 and 2003, while he attended

Narcotics Anonymous meetings there.   Compl. ¶ 20.   Mr. Thompson has asked that we

incorporate the facts and allegations contained in the cases that he filed with the Superior Court

of New Jersey and other Courts in this District. Compl. ¶¶ 14, 110, 162, 176, 213, 230.

Mr. Thompson names as Defendants: Narcotics Anonymous World Services, Inc.; the

Greater Paterson Area, Inc.; Eva's Village; Mr. Williams; Mr. Anderson; Sister Perez;[6] Mr.

McCants; and Mr. Jenkins (collectively, "the 04-2548 Defendants").   He further names as

Defendants: Mr. Singletary; Wolf Block Brach Eichler, LLP; Mr. Juliano; Mr. Al-Misri; Cozen

O'Connor, LLP; Mr. Caplan; Judge LaConte; and Judge Graziano.  While he fails to list Judge

Pisano in the caption of the Complaint, we find it appropriate to address claims made against

Judge Pisano, which appear throughout the Complaint.

The Complaint contains five counts: Count One – Violation of Fourteenth Amendment

Constitutional Rights;[7] Count Two – Conspiracy to Interfere with Civil Rights Pursuant to 42

U.S.C. § 1985;[8] Count Three – Intentional Fraud Upon the Court;[9] Count Four – Violation of the

---

[6] Sister Gloria Perez was improperly pled as Glory Perez.
[7] Compl. ¶ 110.
[8] Compl. ¶ 162.
[9] Compl. ¶ 176.

Racketeer Influenced and Corrupt Violations Act, 18 U.S.C. §§ 1961-1968;[10] and Count Five –

Negligence.[11]  *See also* Mr. Thompson's submission filed May, 21, 2009.  Because the Motion

for Investigation Because of Intentional Fraud upon the Court by Officers of the Court is a

recapitulation of Count Three, the claims for intentional fraud upon the court will be addressed

below once under the Count Three heading.

### D.  Count One – Violation of Fourteenth Amendment Constitutional Rights

Count One spans pages 66-93 of the Complaint.  Mr. Thompson makes numerous claims

in Count One, but we believe that he best summarizes his claims as follows:

### COUNT ONE

> 110.    Plaintiff repeats and realleges each and every allegation contained in the Statement of Claim, his moving papers already filed with the Superior Court of New Jersey and the U.S. District Court for the Third Circuit and incorporates them herein as though fully set forth at length. Derrick Williams, Ronald Bryant Jenkins, Gregory Anderson, Anthony J. McCants, Gloria Perez, Eva's Village and Sheltering Program, et als, **Greater Paterson Area, Inc., et als AKA Silk City of Narcotics Anonymous** and Narcotics World Service, Inc., et als, William "Bobby" Singletary, WolfBlock, Brach, Eichler, et als., Mr. Anthony Juliano, Cozen O'Conner, et als., Mr. Evan B. Caplan, Mr. Ousmane D. Al-Misri, the Honorable Thomas LaConte, J.S.C., et als., and the Honorable Anthony Graziano, J.S.C., et als., did willfully conspire, combine and agree with one another to commit offenses against the State of New Jersey constituting a continuing violation of Mr. Thompson's **Constitutional Rights more specifically due process, procedural due process and equal protection clause of the Fourteenth Amendment.** The defendants owed and continues to owe a duty of care to a third party more particularly Mr. Thompson to prevent harm and they failed so to do resulting in negligence as reference by paragraphs 20 thru 234.

---

[10] Compl. ¶ 213.
[11] Compl. ¶ 230.

111. The attorney of the Defendants, Mr. Evan B. Caplan, Mr. Anthony Juliano and Mr. Ousmane D. Al-Misri, the Honorable Thomas LaConte, J.S.C., and the Honorable Anthony Graziano, J.S.C., are officers of the court, who engaged in intentional fraud upon the court, were operating under the color of law when this plaintiff was denied due process, procedural due process and equal protection of the law, with reference to discovery rules and false statements to the Court violations of my constitutional rights. Judge LaConte, Judge Graziano, and Judge Pisano, U.S.D.J., engaged in misdirection in writing their Orders and Opinions. They denied my motions but made no reference to the evidence in support of my argument. I was denied discovery and then the Judges claimed that I could not support my prima facie elements or rebut the responses by the Defendants regardless of the evidence.

Compl. ¶¶ 110-11 (emphasis in original). A generous reading of Count One leads us to believe that Mr. Thompson claims—as he did in the 04-2548 case—that the 04-2548 Defendants violated his Fourteenth Amendment rights when they unlawfully prevented him from closing Narcotics Anonymous meetings at Eva's Village with the "Lord's Prayer" and subsequently unlawfully prevented him from attending Narcotics Anonymous meetings. Mr. Thompson now asserts these very claims against Mr. Singletary who, according to Mr. Thompson, is "the representative of Narcotics Anonymous Greater Paterson Area . . . ." Compl. ¶ 10.

We also believe that Mr. Thompson claims that Judges LaConte, Graziano, and Pisano violated his Fourteenth Amendment rights when they unlawfully dismissed his claims and colluded with Messrs. Juliano, Al-Misri, and Caplan thereby committing fraud upon their own Courts.

### i. *Res Judicata*

"[R]es judicata bars claims that were brought, or could have been brought, in a previous action." *Siravo v. Country Wide Home Loan*, 2009 U.S. App. LEXIS 21781, *5 (3d Cir. 2009) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).

> *Res judicata*, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand.   This rule reflects the need for courts to put an end to litigation.   When one has been given the opportunity to fully present his case in a court and the contested issue is decided against him, he may not later renew the litigation in another court.   Although *res judicata* is a rule of finality strictly enforced and liberally applied, it is moreover a rule of fundamental and substantial justice, of public policy and private peace, . . . rather than a technical rule.

*Purter v. Heckler*, 771 F.2d 682, 689-90 (internal quotations and citations omitted).   To determine whether *res judicata* bars Mr. Thompson's claims, we must review whether "(1) there has been a final judgment on the merits in a prior suit; (2) the prior suit involves the same parties or their privies and (3) the subsequent suit is based on the same causes of action." *Purter*, 771 F.2d at 690 (citing *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

Here, by February 24, 2006 Opinion and Order[12] in *Thompson*, 2006 U.S. Dist. LEXIS 10487, Judge Pisano awarded summary judgment in favor of the Defendants and dismissed Mr. Thompson's identical Fourteenth Amendment claims based on identical facts.   Narcotics Anonymous World Services, Inc.; the Greater Paterson Area, Inc.; Eva's Village; Mr. Williams; Mr. Anderson; Sister Perez; Mr. McCants; and Mr. Jenkins were the identical Defendants in the 04-2548 case.   Judge Pisano re-considered the Fourteenth Amendment claims when, on August 26, 2008, Mr. Thompson filed a Motion for Reconsideration of the February 24, 2006 Order.[13] By October 20, 2008 Letter Order, Judge Pisano denied the Motion for Reconsideration. *Thompson*, 2008 U.S. Dist. LEXIS 83451.   As such, *res judicata* bars re-litigation of the

---

[12] The February 24, 2006 Order of dismissal was affirmed by the Third Circuit by June 18, 2007 Order. *Thompson v. Eva's Vill. & Sheltering Program*, 243 Fed. Appx. 697 (3d Cir. 2007).
[13] As noted by Judge Pisano, the Motion for Reconsideration, "filed by plaintiff on August 26, 2008, is but one of a long series of related, often duplicative, filings by Mr. Thompson." *Thompson*, 2008 U.S. Dist. LEXIS 83451, at *3.

Fourteenth Amendment claims against the 04-2548 Defendants, and these claims are dismissed with prejudice.

### ii. **Appellate Review**

To the extent that Mr. Thompson seeks to have this Court review the decisions of the State and District Courts,[14] those claims are dismissed with prejudice because this Court lacks subject-matter jurisdiction to perform such review. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, *192 (*citing Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998) ("Under the *Rooker-Feldman* doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling.") *See also* 28 U.S.C. § 1294(1) ("[A]ppeals from reviewable decisions of the district and territorial courts shall be taken . . . to the court of appeals for the circuit embracing the district.").

### iii. **State Action**

"In order for Plaintiff to establish that Defendants violated the . . . Fourteenth Amendment, or § 1983, Plaintiff must show that the alleged discriminatory conduct involved state action." *Thompson*, 2006 U.S. Dist. LEXIS 10487, at *14 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). To establish that a defendant acted under color of state law, a plaintiff must demonstrate that the defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir. 1994) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). A defendant is "a state actor when (1) he is a state official, (2) 'he has acted

---

[14] This Court must address its subject-matter jurisdiction over such appeals because, in his May 21, 2009 submission, Mr. Thompson challenges "the Order of Judge LaConte dated September 14, 2007, April 4, 2008, the Order of Judge Graziano dated July 6, 2007 to include the Orders of Judge Pisano." Thompson May 21, 2009 submission at 7.

together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

As Judge Pisano found in 04-2548, Narcotics Anonymous World Services, Inc. is indisputably a private entity. Here, we find that Mr. Singletary, as "the representative of Narcotics Anonymous Greater Paterson Area . . ."[15] is indisputably a private individual. As such, Mr. Singletary's conduct "will only satisfy the state action requirement if there is such a close connection between the seemingly private behavior and the state action that the behavior 'may be fairly treated as that of the State itself.'" *Thompson*, 2006 U.S. Dist. LEXIS 10487, at *15 (quoting *Brentwood Academy v. Tenn. Secondary School Athletic Assoc.*, 531 U.S. 288, 295 (2001). Mr. Thompson fails to establish that Mr. Singletary has any connection to a state official or entity. Mr. Thompson's bald conclusion that "[t]he Defendants were acting as an Agent of the State when they put a sign up if I come back to my meetings to call officer Torres,"[16] cannot withstand a § 1915 review. And, neither can Mr. Thompson's assumption that "the Defendants were operating as an agent of the State by using officer Torres . . . ." Compl. ¶ 146. *See also* Compl. ¶ 148 for same. Thus, the Fourteenth Amendment claims against Mr. Singletary[17] are dismissed with prejudice because Mr. Thompson has not established that the alleged Constitutional violation involved the requisite state action under 42 U.S.C. § 1983.

### iv. **Discrimination**

---

[15] Compl. ¶ 10.
[16] Compl. ¶ 145.
[17] By February 24, 2006 Order, Judge Pisano denied Mr. Thompson's Motion to Amend the Complaint Pursuant to Federal Rule of Civil Procedure 15 to add Mr. Singletary as a Defendant in the 04-2548 case. Judge Pisano found such amendment untimely, substantially prejudicial to the Defendants, and futile. *Thompson*, 2006 U.S. Dist. LEXIS 10487, at *9. Notably, Judge Pisano found that "the Court's review of Plaintiff's proposed amended complaint reveals that it essentially recites the same facts and arguments presented in his original complaint." *Thompson*, 2006 U.S. Dist. LEXIS 10487, at *9.

To establish that a defendant violated a right secured by the Constitution or laws of the United States, a plaintiff must demonstrate that the defendant deprived it of such right as charged in the complaint. *Salerno v. O'Rourke*, 555 F. Supp. 750, 756 (D.N.J. 1983) (citing *Whitsel v. Southeast Local School District*, 365 F. Supp. 312, 314 (D.C. Ohio 1972), *aff'd*, 484 F.2d 1222 (6th Cir. 1973). A plaintiff must "identify the exact contours of the underlying right said to have been violated." *Downey v. Coal. Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Mr. Thompson addresses claims against Mr. Singletary in 3 of the 52 paragraphs that comprise Count One. Compl. ¶¶ 144, 156, 158. First, Mr. Thompson claims that Mr. Singletary knew that Mr. Thompson's Constitutional rights were violated. Compl. ¶ 144. He then quotes from Mr. Singletary's declaration, which does not support Mr. Thompson's case. Compl. ¶ 144. Second, Mr. Thompson explains that Mr. Singletary provided responses to interrogatories while represented by Mr. Al-Misri. Compl. ¶ 156. Third, Mr. Thompson explains that Mr. Al-Misri had Mr. Singletary provide a response to the interrogatories propounded by Mr. Thompson, and Mr. Thompson complains that he did not receive supplemental responses. Compl. ¶ 158. Clearly, Mr. Thompson fails to even allege that Mr. Singletary discriminated against him. As such, there are no facts to sustain a legally sufficient Fourteenth Amendment violation against Mr. Singletary, and this claim is dismissed with prejudice.

**v. Judicial Immunity**

Judges are generally immune from a suit for money damages, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("Immunity applies even when the judge is accused of acting maliciously and corruptly."). Neither is it overcome by an error of law or procedure in a matter properly before the judge. *See Figueroa*, 208 F.3d at 444-45. Rather, judicial immunity is overcome in only two circumstances. *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (internal citations omitted). "Generally, therefore, 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa*, 208 F.3d at 443-44 (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, it is clear that the basis for all of Mr. Thompson's claims against Judges LaConte, Graziano, and Pisano is that they failed to rule in his favor. Mr. Thompson complains that:

> this plaintiff was denied due process, procedural due process and equal protection of the law, with reference to discovery rules and false statements to the Court violations of my constitutional rights. Judge LaConte, Judge Graziano, and Judge Pisano, U.S.D.J., engaged in misdirection in writing their Orders and Opinions. They denied my motions but made no reference to the evidence in

> support of my argument. I was denied discovery and then the
> Judges claimed that I could not support my prima facie elements or
> rebut the responses by the Defendants regardless of the evidence.

Compl. ¶ 111. Without a doubt, Judges Laconte, Graziano and Pisano were acting within the

scope of their judicial capacities and jurisdiction when they issued opinions and orders, denied

motions and discovery requests, and made rulings in Mr. Thompson's cases. In fact, these

judicial actions are the very sort that fall squarely within the protection of judicial immunity.

The claims against Judge Pisano are particularly indefensible because—as the record reflects—

he worked hard to fairly adjudicate Mr. Thompson's claims and, to that end, Judge Pisano issued

comprehensive opinions and orders in the 04-2548 case. Simply stated, Mr. Thompson's

displeasure with the State and District Courts' actions in his cases is not tantamount to a

violation of his Fourteenth Amendment rights. Aside from the fact that Mr. Thompson fails to

provide a basis in law or fact for a violation of his Fourteenth Amendment rights, the claims

against Judges LaConte, Graziano, and Pisano[18] are dismissed with prejudice because they are

protected by judicial immunity.

### vi. Litigation Privilege

> The statements made by [attorney] in the course of the litigation
> are protected by the litigation privilege, which grants an absolute
> privilege to statements or communications made by attorneys in
> the course of judicial and quasi-judicial proceedings. In order for
> the statements to fall under litigation privilege, they must: (1) be
> made in judicial or quasi-judicial proceedings; (2) be made by
> litigants or other participants authorized by law; (3) be made to
> achieve the objects of the litigation; and (4) have some connection
> or logical relation to the action.

---

[18] It appears that when Mr. Thompson disagrees with a decision of a court, he files a new action alleging the identical claims already dismissed, and he includes in the new action claims against the judge and defense counsel for collusion and fraud upon the court. *See e.g. Thompson v. Mobile Communications*, No. 98-4691(WJM). In essence, he asserts that his Constitutional rights were violated by all Defendants because his claims were dismissed.

*Component Hardware Group v. Trine Rolled Moulding*, 2007 U.S. Dist. LEXIS 54900, *15 (D.N.J. 2007) (internal quotations and citations omitted).

Here, all of Mr. Thompson's claims for collusion and intentional fraud upon the court against Messrs. Juliano, Al-Misri, and Caplan, and Wolf Block Brach Eichler, LLP, and Cozen O'Connor, LLP, are based upon verbal statements and written submissions that these attorneys made in judicial proceedings initiated by Mr. Thompson in State and District Courts.   Mr. Thompson's claims that in the course of representing their clients, these attorneys suppressed evidence, controlled the Court, wrote the opinions of the Court, and made erroneous statements and written submissions[19] are wholly unsupported and without merit.   Instead, the verbal statements and written submissions made by these attorneys in litigation are both proper and protected by the litigation privilege. Thus, these claims are dismissed with prejudice.

The Fourteenth Amendment claims against Messrs. Juliano, Al-Misri, and Caplan, and Wolf Block Brach Eichler, LLP, and Cozen O'Connor, LLP, for intentional fraud upon the court will be addressed in Count Three below.

### E.   Count Two – Conspiracy to Interfere with Civil Rights pursuant to U.S. 42 U.S.C. § 1985

In Count Two, Mr. Thompson claims that all of the Defendants:

> did willfully conspire, combine and agree with one another to commit offenses against the State of New Jersey constituting a continuing violation of Mr. Thompson's **Constitutional Rights more specifically** rights pursuant to Title 42 § 1985 **Conspiracy to interfere** with civil rights at ¶ 2 Obstructing justice; intimidating party, witness, or juror – If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any Court of the United States from attending such Court, or from testifying to any matter pending therein, freely, fully, and truthfully.

Compl. ¶ 162 (emphasis in original).

---

[19] Compl. ¶¶ 111, 113, 114, 116, 120, 125, 127, 128, 130, 139, 152.

Title 42 § 1985 prohibits conspiracies to deprive an individual of the "equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). As Judge Pisano stated, "§ 1985(3) does not provide its own substantive rights, [rather] the rights vindicated by this section must be found elsewhere." *Thompson*, 2006 U.S. Dist. LEXIS 10487, at *18-19 (citing *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)). It appears that Mr. Thompson claims a conspiracy to violate his Fourteenth Amendment rights. As such, he must establish state involvement in the alleged conspiracy. *See Thompson*, 2006 U.S. Dist. LEXIS 10487, at *19 (citing *United Bhd. of Carpenters & Joiners, Local 610*, 463 U.S. at 831-32. In the 04-2548 case, Judge Pisano dismissed Mr. Thompson's identical § 1985 claims against the 04-2548 Defendants because he failed to establish the requisite state involvement. *Thompson*, 2006 U.S. Dist. LEXIS 10487, at *18-19. As is the case for the § 1983 claims, *res judicata* bars re-litigation of the § 1985 claims, and they must be dismissed with prejudice. Further, as stated in section D. iii. above, Mr. Thompson fails to establish that Mr. Singletary has any connection to a state official or entity. Because Mr. Thompson fails to establish state involvement in the alleged § 1985 conspiracy, the § 1985 conspiracy claim against Mr. Singletary is dismissed with prejudice.

Further, aside from the protection afforded by the litigation privilege, Mr. Thompson's § 1985 claims against Messrs. Juliano, Al-Misri, and Caplan, and Wolf Block Brach Eichler, LLP, and Cozen O'Connor, LLP, must be dismissed with prejudice because he fails to establish the requisite state involvement for these Defendants.

### F.  Count Three – Intentional Fraud Upon the Court

> Actions for fraud on the court are very rare and have a demanding standard of proof. A claim for fraud on the court requires a showing that there was: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and

> (4) in fact deceives the court.   Additionally a determination of
> fraud on the court may be justified only by the most egregious
> misconduct directed to the court itself, and . . . it must be supported
> by clear, unequivocal and convincing evidence.   Examples of
> egregious misconduct sufficient for this claim include things such
> as bribery of a judge or members of a jury, or the fabrication of
> evidence by a party in which an attorney is implicated.

*Tare v. Bank of Am.*, 2009 U.S. Dist. LEXIS 23125, *21-22 (D.N.J. 2009) (internal quotations

and citations omitted).

Here, Mr. Thompson claims the Defendants, "did willfully conspire, combine and agree

with one another to commit offenses against the State of New Jersey constituting a continuing

violation of Mr. Thompson's **Constitutional Rights more specifically, Intentional Fraud**

**Upon The Court**."   Compl. ¶ 176 (emphasis in original).   Mr. Thompson does not offer a shred

of evidence to satisfy any of the elements of intentional fraud upon the court let alone meet the

clear and convincing burden of proof.   There are no facts that indicate that any of the Defendants

made any material misrepresentations to deceive the Courts or that the Courts were in fact

deceived.   Mr. Thompson's claims for intentional fraud upon the court are wholly unsupported

and without merit and, thus they are dismissed with prejudice.

### G.  Count Four – Violation of the Racketeer Influenced and Corrupt Violations Act

The Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §

1961 *et seq.* provides:

> (1) "racketeering activity" means (A) any act or threat involving
> murder, kidnapping, gambling, arson, robbery, bribery, extortion,
> dealing in obscene matter, or dealing in a controlled substance or
> listed chemical (as defined in section 102 of the Controlled
> Substances Act [21 USCS § 802]), which is chargeable under State
> law and punishable by imprisonment for more than one year . . .

18 U.S.C. § 1961 *et seq.* The RICO Act further defines "racketeering activity" as "any act which is indictable under any of the [enumerated] provisions of title 18, United States Code." 18 U.S.C. § 1961 *et seq.*

Here, Mr. Thompson claims that the Defendants:

> did willfully conspire, combine and agree with one another to commit offenses against the State of New Jersey constituting a continuing violation of Mr. Thompson's **Constitutional Rights more specifically, Violation of the Racketeer Influenced and Corrupt Organizations** (RICO) Act, Title 18, United States Code, Sections 1961-1968; which allows civil claims to be brought by any person injured in their business or property by reason of a RICO violation.

Compl. ¶ 213 (emphasis in original). As Mr. Thompson does not claim that the Defendants engaged in the racketeering activity enumerated under the RICO Act, his claims are dismissed with prejudice.

## H. Count Five – Negligence

> A district court may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction. Courts are within their sound discretion to dismiss state law claims when the federal law claims have properly been dismissed.

*Gattison v. Twp. of Irvington*, No. 05-1759, 2007 U.S. Dist. LEXIS 95020, *22 (D.N.J. 2007) (internal quotations and citations omitted). The Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Here, Mr. Thompson claims that the Defendants:

> did willfully conspire, combine and agree with one another to
> commit offenses against the State of New Jersey constituting a
> continuing violation of Mr. Thompson's **Constitutional Rights
> more specifically Negligence,** the defendants owed and continues
> to owe a duty of care to a third party more particularly Mr.
> Thompson to prevent harm and they failed so to do resulting in
> negligence as reference by paragraphs 20 thru 234.

Compl. ¶ 230 (emphasis in original).  As no such extraordinary circumstances exist in this case, this Court declines to decide the pendent state claims, namely Mr. Thompson's negligence claims, and they are dismissed without prejudice.

## III. Conclusion

For the foregoing reasons, this Court finds that the Complaint is frivolous, malicious, fails to state a claim for which relief may be granted, and seeks monetary relief against Defendants who are immune from such relief.  Further, because no amendment to the Complaint could cure the deficiencies explained herein, the Complaint is dismissed in its entirety.  An appropriate Order follows.

**S/Susan D. Wigenton, U.S.D.J.**

cc:  Madeline Cox Arleo, U.S.M.J.

21